AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Cellular Telephone Assigned Call Number 857-370-1113 | )<br>)<br>)    Case No.  2:21-mj-555<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*  See Attachment A

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 401(3) | Contempt of Court |

The application is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

DUSM Youngless, Jr.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _August 23, 2021_____

City and state: ___Columbus, Ohio_____

_____
Kimberly A. Jolson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 857-370-1113 | Case No. 2:21-mj-555 _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, DUSM Youngless, Jr., being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      Your affiant, DAVID A. YOUNGLESS, JR., a law enforcement officer with the US MARSHALS SERVICE, being duly sworn, swears and affirms under penalties for perjury that the following statements are true and accurate to the best of my knowledge:

2.      I am a Deputy Marshal with the U.S. Marshal Service. I have been a law enforcement officer since July 2011. I am a "law enforcement officer" as that term is defined in O.R.C. 2901.01(A)(11).

3.      I am currently assigned as a Deputy U.S. Marshal to the Southern Ohio Fugitive Apprehension Strike Team of the U.S. Marshal Service and have been so assigned since November 2019.  In connection with my official duties, I am involved in investigations relating to violations of federal and state laws.

4.      I have received training relating to enforcement of federal and state laws, and special training pertaining to fugitive apprehension.  My training includes the following:

5.      My initial training at the Federal Law Enforcement Training Center from March 2011 – July 2011.

6.      I have attended annual In-Service trainings throughout my career.

7.      I have attended training provided by the USMS on fugitive investigations and apprehension techniques. That training included the use of social media accounts to track and apprehend fugitives from justice.

8.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

9.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 401(3) (Contempt of Court) have been committed and are being committed by AVILA.  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

10.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

*Pertinent Procedural History*

11.      On July 15, 2020, AVILA was charged by way of a criminal complaint with Conspiracy to Commit Kidnapping, Attempted Kidnapping, and Conspiracy to Impersonate an Agent of the United States.  At her initial appearance on July 16, 2020, Magistrate Judge Chelsey M. Vascura ordered certain conditions of release, including that AVILA's travel be restricted to the Southern District of Ohio and participation in GPS location monitoring.  (Doc. #6.)  On June 3, 2021, AVILA was charged in a Second Superseding Indictment with Conspiracy to Commit Kidnapping, Attempted Kidnapping, Conspiracy to Impersonate an Agent of the United States and Conspiracy to Witness Tamper.  (Doc. #147.)  During her arraignment on June 9, 2021, AVILA orally moved to remove the GPS location monitoring condition of her release.  The United States objected.  Chief Judge Algenon L. Marbley indicated the condition would be removed; the United States subsequently filed an unopposed motion to maintain the condition that AVILA is not permitted to enter the same area previously proscribed surrounding the victims while she had been subject to GPS monitoring.  (Doc. #158.)  The district court granted the motion, leaving the only alteration to AVILA's bond conditions that she is not subject to GPS monitoring.  (Doc. #159.)

*Travel Outside the Southern District of Ohio*

2

12.     The United States, including Homeland Security Investigations, is conducting a criminal investigation of AVILA regarding possible violations of 18 U.S.C. § 401(3) (Contempt of Court) related to information it received that indicates AVILA has traveled outside the Southern District of Ohio, in violation of her bond conditions ordered pursuant to 18 U.S.C. § 3142(c).

13.     Between on or about August 17, 2021 and August 19, 2021, law enforcement learned from Cooperating Sources (CS) that AVILA had been dropped off at a Greyhound bus station on or about August 15, 2021 and was headed to New York for at least several days though a specific duration was not known and at least one purpose of the trip was to get a passport.  CS indicated that AVILA's cellular telephone number is 857-370-1113, the Target Cell Phone.  At least one CS had communicated with AVILA using the Target Cell Phone two days ago.

14.     On August 18, 2021, AVILA's Pretrial Services Officer Frank Clardy confirmed that she is not allowed to travel outside of the Southern District of Ohio without permission from the court.  He further confirmed that AVILA had not made any requests to him for such travel.  The docket, likewise, reflects no motions for travel outside of the district.

15.     As set forth above, AVILA is not permitted to leave the Southern District of Ohio without permission from the court.  This was a clear and reasonably specific order set forth in her conditions of release.  There is probable cause that she has violated this order.  The requested warrant would assist law enforcement in corroborating the witness statements about AVILA's travel and gathering evidence as to AVILA's current location.

16.     On 08/23/21, DUSM Youngless spoke with HSI Copeland. HSI Copeland provided DUSM Youngless with information that puts AVILA in the Columbus, OH area using phone number 857-370-1113.

17.     In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service

3

have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

18.     Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

19.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to

4

which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

20.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22.     I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile.  I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other

5

reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

23.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

24.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

DUSM Youngless, Jr.
Deputy U.S. Marshal
United States Marshals Service

08/23/21

August 23, 2021

Subscribed and sworn to before me on_____, 2021

Kimberly A. Jolson
United States Magistrate Judge

6

**ATTACHMENT A**

**Property to Be Searched**

1. The cellular telephone assigned call number 857-370-1113, currently being used by Denia Idelca AVILA (the "Target Cell Phone"), whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way Parsippany, New Jersey 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 401(3) (Contempt of Court) involving Denia Idelca AVILA.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2